Good morning again. May it please the court. My name is Jonathan Byrne, and I'm here in this case representing Ryan Kibble, who is the defendant below. The District Court may only impose a $5,000 special assessment in a case like this if the defendant is determined to be non-indigent. The District Court never made that finding in a case where Mr. Kibble was represented by appointed counsel at all times and found unable to pay a fine. Even if there is some implied finding in the District Court's application of the Enhanced Inquiry. Mr. Byrne, how do you get beyond the waiver in the plea agreement? The waiver in the plea agreement, we get around that because this court has repeatedly held that a defendant can't waive his right to appeal a sentence that is above the statutory maximum for his offense of conviction. This wasn't above the statutory maximum, was it? It is. It was above the statutory maximum if the District Court did not make the required finding. Because without the finding that Mr. Kibble was non-indigent, the $5,000 enhancement doesn't, or the $5,000 assessment does not apply. And in fact, it must apply if certain findings are made. And so this is a situation that is akin to what this court faced in Broughton-Jones with regard to restitution orders. Where the District Court only has the authority granted to it by statute to order restitution. And therefore, if it does so in a manner that exceeds its authority, that is above the statutory maximum for the offense and it escapes the appeal waiver. It's also similar to the situation that this court faced in United States v. White with regard to the Arnkert Criminal Act. There, the court held that the defendant couldn't waive his right to challenge the act of determination because that changes the statutory maximum. And if the District Court incorrectly classified him under the act, it wound up imposing a sentence that was above the statutory maximum for his offense of conviction. So our position is that this additional special assessment falls into that same category. That without the proper findings, the court lacks authority to impose it and the defendant can't waive his right to challenge the scope of the District Court's authority. What about all of these findings in the PSR about his financial history and his tax returns and his ability to pay a fine and his cash flow and all of that? Your Honor, I dispute that those are findings. They're facts, certainly, and we didn't dispute them. But they are relevant to the consideration of whether he is indigent or not. Did the District Court adopt the PSR? Generically, it did. Yes, Your Honor. What does that mean, generically? Did you object to any of this financial information in the PSR? No. The information, the financial information in the PSR is or was correct at the time. What the PSR does not do is make a conclusion that Mr. Kibble is not indigent and that this $5,000 special assessment, therefore, should apply. In addition, the government never argued that it should apply. Even after it was imposed and Mr. Kibble objected, the government didn't really argue for its imposition, only that there might be facts in the PSR that could support it. And so... But the position is that there has to be a holding, a clear finding by the District Court, right? Yes, Your Honor. Requires that. Yes, Your Honor. And certainly in a case like this, where no one was arguing for its imposition and you have the representation by appointed counsel the whole time, I realize that is not in and of itself a determinative fact, but it's relevant. And when the defendant's gone through the entire case with appointed counsel, because he can't afford them, and the PSR says he can't afford to pay a fine, then for the District Court at sentencing, without, like I said, any arguments to just say the $5,000 assessment applies, is not sufficient. Well, I think actually things are a little bit better than that for you. Defense objected on the grounds that the special assessment only applies if you make a finding and Mr. Kibble is not indigent. District Court responds, overrules the objection. Well, I'm inclined to leave it like it is. To me, I think you can draw a parallel between this and a restitution payment. But you need a special finding, the statute says. Yes, Your Honor. Or not. Yes, I agree with that. And that's what the Sixth Circuit decided in Fowler, is that the court has to ensure that the defendant's non-indigent before this applies. And so, while I can conceive of a situation where perhaps an explicit finding might not be necessary, this case is not it. And the fact that in Fowler, there was no waiver in the plea agreement that your client has here, that doesn't matter in terms of your argument? No, Your Honor, it doesn't change the argument about the holding itself. It's just the waiver simply wasn't an issue. Well, that is only because you claim that this is an illegal sentence. And we've said, if you have an illegal sentence, that you can't waive that argument. And you claim it's illegal because there wasn't the finding of indigency, right? Correct. That's right. So that the best you get is a remand, right? I suppose that would be true, Your Honor, yes.  But a remand is probably the end result. Well, and particularly in this record, because there is certainly evidence from which you could find that he's not indigent. Or also evidence he is indigent, right? I think certainly there is evidence. You could argue both ways in this record. Yes, Your Honor. Which is why, even if this court is inclined to find that there was some implicit finding that Mr. Kibble was non-indigent, it should nonetheless vacate that conclusion as clearly erroneous. Because through the evidence can cut both ways. And the ultimate burden of proving that Mr. Kibble is non-indigent rests with the government. And it was a burden they didn't even try to bear in the court below. Is this the case where we have the district courts after the fact statement of reasons? I'm not certain, Your Honor. Often the way it happens in our district is the sentence is imposed and then the reasons are given afterwards. Well, you don't know the record. You just know the record. Yes, Your Honor. That's specific. I do know that after the assessment was imposed and the objection was made later, the district court made findings about the fine. And did make a reference to not imposing a fine, partly so it would not interfere with other financial obligations. In other words, the assessment would be paid sort of at the expense of the fine almost. Okay. As I was saying, even if there is an implicit finding in this case, it's really not sufficient. There are several obstacles that are set forth in the PSR that will make it difficult for Mr. Kibble to obtain substantial employment when he is released, starting with the fact that he does not have a college degree, which limits not only his chances for higher wage jobs, but also to find work at all. Because people who don't have a college degree have a higher unemployment rate than those who do. His status as a sex offender is going to make it difficult, more difficult for him to find work. And again, I realize that is not a dispositive factor because obviously this assessment only applies in cases where people are going to be registered sex offenders, but it's nonetheless a relevant consideration. Mr. Kibble and his wife had to declare bankruptcy in the wake of his arrest. Can I just clarify what you would like us to do? You would like us to remand for the district court to make the requisite finding of indigency or not? Our position is that the court should vacate the assessments and remand for further proceedings, yes, sure. Okay, thanks. The obstacles that Mr. Kibble faces in this case are what distinguish it largely from McMiller. McMiller, he had a master's degree. The impact of his sex offender status wasn't discussed, and he didn't have either the bankruptcy or chronic health conditions that Mr. Kibble does. He suffers from a chronic heart condition that requires a lot of monitoring and care, and also non-alcoholic cirrhosis of the liver. In addition, Mr. McMiller was here in this court on plain error, and Mr. Kibble objected to the imposition of the assessments really as soon as it became an issue at sentencing. As I said, the pre-sentence report did not recommend its imposition. The government did not argue in support of its imposition, and it really only came up when it was imposed. And at that time, that was when Mr. Kibble made his objection. If there aren't any other questions, I'll reserve the balance of my time for rebuttal. Thank you very much, Mr.  Ms. Harrell. Thank you, Your Honor. May it please the Court, my name is Jennifer Harrell on behalf of the United States. The defendant's appeal in this matter must be dismissed per his valid waiver of his appellate rights, which defendant concedes cover the Section 3014 Special Assessment. In this particular case, the defendant agreed in the plea agreement that the statutory maximum was $5,000 for the Special Assessment. Defendant now attempts to bootstrap an exception by claiming that the statutory maximum is not $5,000 automatically, as the statute indicates, but that it turns on factual determinations after the fact. And this is, frankly, an unprecedented determination of a statutory maximum. The defendant cites- But doesn't, in fact, doesn't it turn on a finding of whether you're indigent or not? Doesn't the statute require that? Yes, the statute does require that, just like the Armed Career Criminal Act requires that you have three convictions that fall under law. But the difference between the Armed Career Criminal Act, such as in White, or the definition under the law of victim under Broughton-Jones, is that those are questions of law. The statutory maximum is going to be the same for two defendants who are similar situated under the law. Defendant is arguing that the statutory maximum in this case, which is a question of fact regarding indigency- A question of law applied to fact, which we usually regard as, you know, a mixed question. The question of law applies to the fact that a finding must be made. That does not change the statutory maximum. Defendant is arguing that if a factual finding is made of indigency, the statutory maximum changes. So two defendants who are similarly situated might be facing different statutory maximums based upon factual determinations of different courts. And this kind of inconsistency- Well, a special assessment might not be imposed at all if he's a non-indigent person, correct? Yes, Your Honor. But the fact that this is a binary statute, you either get it or you don't, doesn't change the statutory maximum. The statutory maximum is $5,000. It might not apply factually to a specific defendant. But the idea that a statutory maximum is contingent upon specific facts goes against the concept of what the statutory maximum is. It goes to whether the penalty applies. But it was imposed on this particular defendant without a finding of non-indigency. And the statute says, 3014A says, special assessment may only be imposed when the defendant is convicted of a covered offense and the defendant is a non-indigent person. The United States- So how is it not a question of law then? The question of law does apply to whether a finding was made. The position of the United States is that an implicit finding was, in fact, made by the court. The initial- That goes back to all the stuff I was recounting from the record to Mr. Byrne. So there's an implicit finding. You want us to assume the district court found that. And McMiller and Shepard and Wanda Saga out of the Sixth Circuit all agree that an implicit finding is sufficient so long as it's clear that the court considered the relevant factor for the legal determination, which is the defendant's future ability to pay. And the court- Well, you know, I think if you look at the district court's post sentencing memo that you can so conclude, I don't think you can conclude that for anything before that. Indeed, the district court says, no, I don't think that's right. They don't, you don't have to do this. The United States would concede that the court's initial response to the objection misstates the law and does not appear to make a finding. However, on page 152 of the joint appendix, the district court says that the court does believe that the defendant has the potential for sufficient earning capacity in this period of incarceration to enable him to make the $5,000. So that clearly indicates that at the sentencing hearing, the court found that the defendant had sufficient earning capacity in the future, which is what the law requires them to decide when making that determination of indigency. And from that, it is clear that there was an implicit consideration, implicit statement that the court considered what must be legally considered to determine indigency. The United States concedes that there must be a determination regarding indigency, but an implicit... I don't think that that, I'm at 152, and I don't see a finding that exactly goes to that. Yeah, the United States is referring to what is the second to last paragraph on the page. I see. And other courts that have held... The court does believe that the defendant has the potential for sufficient earning capacity following this period of incarceration to enable him to make the $5,000 payment. I'm not sure that that resolves the question of indigency. And the statute is very specific on this. And so you do not rely on this post-hearing sealed memorandum of sentencing and report of the statement of reasons. At 195 and so forth, because it pretty clearly does do that, but it's after the sentence. Yes, Your Honor. And the United States does rely on that for the subsequent argument about post-hearing. About what? As to harmless error, Your Honor. The United States has argued that it is clear that if this case were remanded, the judge would make the same findings found in his very detailed statement of reason. There is no reason to believe that he would change his opinion regarding the numerous facts that he set forth. So I thought maybe that was so too, but there's a fair amount of law that a post-sentencing memorandum like this cannot change the terms or add to them or anything else that was originally imposed in the sentence. I agree, Your Honor. And that is why the United States is not relying upon the statement of reasons to say that there was an explicit finding. But as far as whether this would be a waste of resources to remand, the United States believes that it would. And that even if the court were to find that the court failed to make a sufficiently explicit finding regarding indigency, there would be no reason to remand. And furthermore, on that point, this court has found in prior cases that defendants are not entitled to a second bite at the apple. Defendant in his appeal raises a number of additional arguments as to indigency, and those should not be permitted to be raised on remand. The defendant is not permitted on remand to supplement and try to prove what it could not prove before. And the United States would also take contention with the idea that the burden of proof is on the government. No court has ever found that. And in fact, this court in the unpublished decision in Knowles and the Eighth Circuit in the published decision of Kelly found that the burden was with the defendant. The Sixth Circuit in Shepard, a concurring opinion also indicated that the burden is upon the defendant. To prove indigency, and courts have found this in part because the special assessment is indicated in statute should be assessed similar to a fine as far as how the payments are made, the schedule payments, the 20 year window. And in fines is incumbent upon a defendant to demonstrate that they will not be able to pay a fine. So the defendant bears the burden of proving indigency. And Mr. Byrne made an argument, the United States did not argue for it. But again, it's a mandatory special assessment. The United States has no burden to ask for the mandatory special assessment that is triggered by the statute of conviction. The defendant bears the burden of attempting to prove the mandatory provision does not apply. So again, the United States believes that this still falls under the waiver and should be dismissed. But even if he had not waived this argument, he clearly has failed to meet his burden of proving that he is indigent based upon the arguments that were put forth to the district court. That would be that he had appointed counsel, which courts have repeatedly held is insufficient to show that it is that a defendant is indigent. And the argument that he was not required to pay a fine. The court made it clear that he was not imposing a fine in part to permit him to pay the special assessment. And fines are rather than unlike the special assessment, not mandatory. So the indigency findings can be, it's not inconsistent to find that a defendant does not have the means to pay a fine, but does have the means to pay this mandatory special assessment. With regard to the implicit versus explicit, the United States would also argue that that falls within the waiver because whether it's implicit or explicit falls specifically within the manner in which the sentence is determined. Whether he made a sufficiently explicit finding goes to the manner in which he imposed the sentence. And that is fully waived by the appellate waiver. But additionally, the United States would argue that the statement made on 152 is sufficient to show that the court considered that which he was required to consider under the law. The law does not require him to use the magic words of saying, I find the defendant non-indigent, just as in Section 3553A, where a court does not have to robotically tick through every factor explicitly on the record to demonstrate that it considered that which it had to consider. Given all of this, the United States believes that the court did not clearly err and made sufficient legal findings to meet its burden under the law. In addition, should the court find that the findings of the court were not explicit enough on the record, as the United States indicated before, this would be harmless error. The statement of reasons issued later would indicate that the court has clearly considered the law on the issue, has clearly considered numerous facts, which it did recognize and include, not just generically in its finding. The court specifically said that the defendant's income, earning capacity, and financial resources are as stated in the pre-sentence report. That is also on page 152. So he didn't just generically accept the PSR whole lot. He called out specifically the financial situations of the defendant just prior to finding he had the capacity to earn his $5,000 in the future. So the court's finding is clear. He considered what he needed to do, even if he had previously misstated the law during that hearing. A misstatement of law that ultimately results in the court finding what he was required to is still sufficient. He found what he needed to in order to impose the sentence and his factual findings were not thoroughly erroneous based on what was put forth by the defendant. So for all these reasons, the United States believes that the court should dismiss the appeal based upon the waiver, but also that the sentence and the $5,000 special assessment should be upheld on the merits. If there are no further questions, I would rely on my briefs. Thank you, Ms. Harrell. Mr. Barron, you have a little time reserved. Thank you, Your Honor. Thank you, Your Honor. Going to this issue of who bears the burden in this situation, actually, a circuit court has found that the burden rests on the government to prove non-integency. That's Fowler. That's the Sixth Circuit. And they distinguished in that case fines because, for the specific reason that Ms. Harrell said, fines are discretionary. This is not. It is mandatory. And so it was an enhancement that the government bore the burden of proving. And I'll point the court also to a case I found yesterday, actually, as I was preparing for this argument, United States v. Senka, 986F300. It's from the Third Circuit from earlier this year. Mr. Senka was convicted of one of these covered offenses for which the assessment applies, and it was imposed at sentencing. But his conduct actually occurred before the statute was enacted. And so on appeal in plain error, he argued that violated the ex post facto clause. And the basis for that was because it is an enhanced punishment. And the government agreed with that, and the appellate court agreed and found that it was plain error and vacated. So both of those indicate that this is a issue where the government bears the burden of proof to trigger this, what is an enhanced penalty. And could you also respond to government's counsel's argument that this is harmless? Yes, Your Honor. I don't think the court can find that this is a harmless error based on those findings because those findings happen essentially in a vacuum. If the district court had actually engaged more with Mr. Kibble's objection at sentencing and said, well, what about these facts in the PSR? Why wouldn't he be able to pay this and then made those findings? I think this is a very, very different case. But after the fact, after getting the law wrong, going back in and taking facts that were where the defendant didn't have a chance to argue them in response, I don't think that can create, can make an error harmless. I'd also emphasize the point Judge Mott's made that a defendant has a right to be present when a sentence is announced. And if the basis for the sentence only came through in the sealed statement of reasons, he doesn't, he isn't aware of that. It's too late. Yes, that's right, Your Honor. That'd be my, that'd be my position. I also wanted to talk briefly about this idea of the question of law versus the question of fact as it applies to the appeal waiver. I think it's correct that generally these issues are mixed questions of law and fact. But I think even in a situation like in an ACCA situation where the issue wasn't the nature of a prior conviction, but whether there were at least three of them that were on non-consecutive or on different occasions, that's primarily a factual issue. That's not really a legal issue, but it would work the same way because if it was an erroneous decision, it would empower the district court to impose a higher sentence, a sentence above the statutory maximum. And so I think here, whether the court ultimately holds that the district court was required to make a specific finding and did not, or made an implicit finding, but that finding was not sufficient, I think the impact is the same. It results in a sentence above the otherwise applicable statutory maximum, and so it would not be covered by the appeal waiver. If there aren't any other questions, I'll leave it on my briefs. Thank you. Well, as I said before, we appreciate it very much for being here. And again, thank you so much. Thank you, Your Honors. Thank you.
judges: Roger L. Gregory, Diana Gribbon Motz, Stephanie D. Thacker